Frederic G. Ludwig, III (CA Bar No. 205332)
eric.ludwig@ludwigiplaw.com
Robert J. Pribish (CA Bar No. 244642)
robert.pribish@ludwigiplaw.com
LUDWIG, APC
12463 Rancho Bernardo Road, No. 532
San Diego, California 92128
Telephone: 619-929-0873

Attorneys for Defendant MEETINGTV, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DAVID GAINES, on behalf of himself and all others similarly situated,

Plaintiff,

v.

MEETINGTV, INC.,

Defendant.

Case No. 3:26-cv-3696-LL-DDL

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MEETINGTV'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

*PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT*

Judge: Hon. Linda Lopez
Date: October 2, 2026

Action Filed: June 24, 2026
Trial Date: N/A

## Contents

I. Introduction. 1
II. Factual Background. 1
A. Summary of Allegations. 1
III. Analysis. 3
A. Dismissal Under Rule 12(b)(6) Is Appropriate. 3
1. Gaines Fails to State Any Cognizable Claim for Relief. 4
2. Gaines' Second Claim for Relief for Invasion of Privacy Fails for Similar Reasons. 9
3. Gaines' Third Claim for Relief for Invasion of Privacy Also Fails. 10
4. Gaines' Fourth Claim for Violation of a Constitutional Right to Privacy Fails, Too. 11
5. Gaines' Fifth Claim for Relief for Violation of Section 17200 Also Fails. 12
6. Gaines' Sixth Claim for Relief for Intrusion Upon Seclusion Fails for the Same Stated Reasons. 14
7. Gaines' Seventh Claim for Relief for Public Disclosure of Private Facts Is Similarly Defective. 15
B. Leave to Amend Would be Futile. 15
IV. Conclusion. 16

# Authorities

## Cases

*Alghazwi v. Beauty Health Co.*, 801 F.Supp.3d 982 (2025) ....... 3
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....... 3, 8
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....... 3
*Bonin v. Calderon*, 59 F.3d 815 (9th Cir. 1995) ....... 16
*Bowles v. Reade*, 198 F.3d 752 (9th Cir. 1999) ....... 16
*Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992) ....... 12
*Flanagan v. Flanagan*, 27 Cal. 4th 766 (2002) ....... 6, 9
*Foman v. Davis*, 371 U.S. 178 (1962) ....... 16
*Forsher v. Bugliosi*, 26 Cal. 3d 792 (1980) ....... 15
*Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1 (1994) ....... 10, 12
*Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973) ....... 16
*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ....... 4
*In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987 (2024) ....... 11
*Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266 (9th Cir. 1982) ....... 4
*Kee v. City of Rowlett*, 247 F.3d 206 (5th Cir. 2001) ....... 6
*Kenari v. Conrad*, 2026 LX 286498 (S.D. Cal. May 5, 2026) ....... 4
*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ....... 3
*Klin v. Cloudera, Inc. (In re Cloudera, Inc. Sec. Litig.)*, 121 F.4th 1180 (9th Cir. 2024) ....... 8
*Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310 (2011) ....... 13
*Lagrisola v. N. Am. Fin. Corp.*, 96 Cal. App. 5th 1178 (2023) ....... 13
*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988) ....... 16
*Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583 (2008) ....... 13
*Schwartz v. Provident Life & Accident Ins. Co.*, 216 Cal. App. 4th 607 (2013) ....... 13
*Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200 (1998) ....... 14, 15
*Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177 (C.D. Cal. 2011) ....... 13

*United States v. Webb*, 655 F.2d 977 (9th Cir. 1981) ... 16
*Vasil v. Kiip, Inc.*, 2018 U.S. Dist. LEXIS 35573 (N.D. Ill. Mar. 5, 2018) ... 5

**Statutes**

18 U.S.C. § 2510(4) ... 5
18 U.S.C. § 2511(1) ... 4
18 U.S.C. § 2511(2)(d) ... 8
Cal. Bus. & Prof. Code § 17200 ... 12
Cal. Pen. Code § 631 ... 10
Cal. Pen. Code § 632 ... 10
Cal. Pen. Code § 632(a) ... 9
Cal. Pen. Code § 637.2 ... 10
Fed. R. Civ. P. 8(a)(2) ... 4
Fed. R. Civ. P. 9(b) ... 8
Fed. R. Civ. P. 12(b)(6) ... 3

**Treatises**

Rest.2d Torts, § 652B ... 14

Defendant MEETINGTV, INC. respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss the First Amended Complaint filed by Plaintiff DAVID GAINES, pursuant to Federal Rule of Civil Procedure 12(b)(6), in the above-entitled action.

**I. Introduction.**

Gaines fails to state any cognizable claim for relief in his First Amended Complaint. Each of his claims is privacy-based, yet the activity giving rise to such claims was an online *public* meeting. Despite that fact, Plaintiff incorrectly frames the event as private. That dissonance is fatal to all his stated claims. But even setting the privacy issues aside, Plaintiff still fails to plausibly allege "interception" under the ECPA and similar laws, as well as a lack of any credible basis to assert absence of authorization and consent for Defendant to attend the meeting – public or not. Such defects are not just fatal to Plaintiff's pleadings, they are irreparable. This Court should dismiss the totality of Gaines' specious First Amended Complaint, without leave to amend.

**II. Factual Background.**

**A. Summary of Allegations.**

Spanning over 100 pages and 300 paragraphs, Gaines contends he speaks for himself and all others similarly situated, who have supposedly had their private Internet-based virtual meetings surreptitiously recorded and republished by MeetingTV. See generally, First Amended Complaint ("FAC"), ¶¶1-31. Specifically, Plaintiff alleges, "Defendant operates a searchable commercial online platform called WebinarTV (the 'Platform') that hosts and provides public access to secretly-obtained audio-visual recordings of virtual meetings—meetings that were never intended for public dissemination and to which Defendant had no right to access, let alone record and disseminate." FAC, ¶3. Gaines goes on to claim, "Defendant searches and scrapes the internet for surreptitious access to virtual meetings, then deploys deceptive and covert tactics to infiltrate those meetings and

record them in real time, including registering for meetings under false identities or otherwise concealing their true identity, purpose, and intent to record." FAC, ¶4. "Defendant then repurposes and publishes these unauthorized recordings on its Platform, rebranding the meetings as 'webinars.'" *Id*.

Plaintiff asserts the webinars published on the Platform constitute audio-visual recordings made without the knowledge, consent, or authorization of those involved. FAC, ¶5. As such, Gaines contends the participants' full communications are made available, including sensitive personal information, which information Plaintiff states "is intended for a specific, contained, private audience, and ranges from nonpublic to confidential, proprietary, and/or deeply personal." *Id*.

With regard to Gaines, personally, the FAC indicates he "convened a private, access-restricted virtual meeting for families and community members to discuss sensitive special-education issues involving children with disabilities." FAC, ¶6. Gaines states he "did not invite Defendant to attend, and Defendant did not disclose who it was or why it was there." *Id*. Nonetheless, Plaintiff believes "Defendant secretly recorded the meeting, posted the recording on the WebinarTV Platform, and notified Plaintiff only after the recording had already been made available to anyone with an internet connection." *Id.* Based upon these allegations, Gaines asserts seven claims for relief and asks for certification of a class, statutory, punitive, and compensatory damages, as well as attorneys' fees and various equitable remedies. FAC, pp. 62-102, ¶¶ 188-315.

Fatal to Gaines' claims, however, is the fact that the so-called "private" online meeting was openly advertised and touted as "Public – Anyone on or off Facebook" may attend. Defendant's Request for Judicial Notice; Declaration of Michael Robertson ("Robertson Decl."), ¶¶3-7, Exs. 1-3.[1] Gaines admits, "All are generally

[1] Extrinsic evidence may properly be considered in a Rule 12(b)(6) motion to dismiss under either of two exceptions: 1) the incorporation by reference exception; or 2)

welcome to attend…" the event concerning ***public*** schools. *Id*. He even asks readers to "[p]lease share this event with others…." *Id*. The Facebook social media profile for the Sacramento Autistic Spectrum and Special Needs Alliance's ("SASSNA") is open to the public. Robertson Decl., ¶4. It is not a private group and requires no membership to gain access. *Id*. On its public page, SASSNA states "We have scheduled an online community meeting regarding special education in Woodland Joint Unified School District." Robertson Decl., ¶7, Ex. 3.

## III. Analysis.

### A. Dismissal Under Rule 12(b)(6) Is Appropriate.

This Court must dismiss Gaines' defective pleadings. Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers this Court to dismiss an ill-conceived pleading, such as Plaintiff's First Amended Complaint. Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under this rule, dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*., at 678.

---

judicial notice exception. *Alghazwi v. Beauty Health Co*., 801 F.Supp.3d 982, 999 (2025); *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018). The extrinsic evidence offered by Defendant fits into both exceptions as Plaintiff's public social media post promoting and giving access to its webinar is judicially noticeable and is integral to Plaintiff's claims and inferentially referenced throughout his FAC. FAC, ¶¶87-89, 94 ("In the meeting announcement . . .")

Accordingly, this Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). Even under such a "liberal interpretation," courts "may not supply elements of the claim that were not initially pled." See *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Thus, where a complaint fails to allege facts sufficient to establish each element of the claims asserted, dismissal is appropriate. *Kenari v. Conrad*, No. 25cv01981-LL-JLB, 2026 LX 286498, at *3 (S.D. Cal. May 5, 2026). Such is the case with the Gaines FAC, which this Court should dismiss without leave to amend.

**1. Gaines Fails to State Any Cognizable Claim for Relief.**

Plaintiff's FAC fails to adequately meet the required pleading standards established by the Federal Rules of Civil Procedure. Pursuant to the Federal Rules, Gaines must provide MeetingTV with "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As illustrated herein, the Court will see Plaintiff's FAC falls well short of this threshold.

**a) Gaines' First Claim for Violation of the Electronic Communications Privacy Act Fails.**

Plaintiff's initial claim for violation of 18 U.S.C. section 2511(1), for intercepting electronic communications during Plaintiff's virtual meeting, fails for three separate reasons. The statute invoked by Plaintiff, known as the Electronic Communications Privacy Act ("ECPA"), prohibits the intentional interception, use, or disclosure of wire, oral, or electronic communications, subject to specific exceptions. 18 U.S.C. § 2511(1). Gaines' threefold pleading troubles are as follows: He does not plausibly allege MeetingTV "intercepted" communications within the meaning of the ECPA; he does not plausibly allege that any party to the communications had a reasonable expectation of privacy; and he does not plausibly allege Defendant acted without consent or authorization. Without these essential

elements, he cannot advance an ECPA claim. This Court, therefore, should dismiss the First Claim for Relief.

**(1) No "Interception."**

The FAC does not sufficiently allege interception, in violation of the ECPA. "[I]ntercept" means "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4). Acquisition must occur contemporaneously with transmission—that is, the communication must be captured while it is in transit. *Vasil v. Kiip, Inc.*, 2018 U.S. Dist. LEXIS 35573 (N.D. Ill. Mar. 5, 2018) (stating "interception" of an electronic communication must be contemporaneous with the communication.). This represents an insurmountable problem for Plaintiff.

According to Gaines, Defendant uses "screen capture" or "browser extension" technology to record a given virtual meeting. FAC, ¶¶ 37, 66, 109, 122, 166, 167, 192, 212, and 256. But screen capture technology requires that a user who is participating in a virtual meeting record what is displayed on such user's screen *afte*r the transmission has been completed and rendered for viewing. This is not a contemporaneous acquisition of communications in transit; it is a recording of already-transmitted and received content. The FAC contains no factual allegations that Defendant tapped into the data stream during transmission, accessed the meeting platform's servers, or otherwise acquired the communications before or during transmission to participants.

The distinction is critical. The ECPA's prohibition on interception protects the transmission process itself, not the subsequent recording of communications after they have been received. *Vasil,* 2018 U.S. Dist. LEXIS 35573. Plaintiff's own allegations describe conduct that falls outside the statutory definition: attending a meeting as a participant (whether using accurate or inaccurate credentials) and recording what that participant sees and hears on their own device. This Court should concur that such conduct is not an "interception" within the meaning of 18 U.S.C. §

2510(4).

**(2) No Reasonable Expectation of Privacy.**

Even if Defendant's conduct constituted an interception, Gaines still loses because the ECPA protects only communications in which the parties have a reasonable expectation of privacy and that is not the case here. "[U]nder [California law] 'confidentiality' appears to require nothing more than the existence of a reasonable expectation by one of the parties that no one is 'listening in' or overhearing the conversation." *Flanagan v. Flanagan*, 27 Cal. 4th 766, 772-773 (2002). As applied to the EPCA, there can be no reasonable expectation of privacy when others may eavesdrop or hear a conversation. *Kee v. City of Rowlett*, 247 F.3d 206 (5th Cir. 2001). Gaines' FAC fails to allege facts sufficient to establish a reasonable expectation of privacy and judicially noticed material from Gaines' own admissions belie this notion, too.

In his pleadings, Plaintiff describes a virtual meeting that involved multiple participants—the FAC does not specify the number, but alleges it was intended for "parents, caregivers, students, and community members" in a "specific Sacramento-area school district." FAC, ¶84. Plaintiff alleges that the meeting required registration and approval but also alleges that participants disclosed sensitive information about their children to this group of individuals, many of whom were presumably strangers to one another. FAC, ¶¶88, 91.

Under these circumstances, Plaintiff cannot plausibly allege a reasonable expectation that communications would remain private. It appears the meeting involved an indeterminate number of participants, each of whom had access to the full content of the discussion. Plaintiff does not indicate any ability to exercise control over what those participants might do with the information disclosed during the meeting—whether they might repeat it, record it themselves, or share it with others. The voluntary disclosure of information to a group of unknown size and composition negates any reasonable expectation of privacy. This Court should agree.

Gaines' allegations concerning the supposed implementation of registration and screening protocols are of no moment. The existence of access controls does not create a reasonable expectation of privacy where, as here, the registration process was not designed to limit the number of participants or to create a relationship of confidentiality among them. This is not a private conversation among a small group of individuals with a shared expectation of confidentiality; it is a community meeting open to any parent, caregiver, student, community member, or anyone in the world who might be interested.

Most important is the fact that access to Plaintiff's virtual meeting was open and offered to all members of the public. The SASSNA Facebook group is open to the public. Robertson Decl., ¶4. It is not a private group and requires no membership to gain access. *Id.* On its publicly accessible Internet webpage, SASSNA states, "We have scheduled an online community meeting regarding special education in Woodlan Joint Unified School District." Robertson Decl., ¶7, Ex. 3. Indeed, the meeting is described as "Public – Anyone on or off Facebook" may attend.[2] Robertson Decl., ¶¶3-7, Exs. 1-3. In no uncertain terms, this is a meeting about ***public*** schools and their students. Moreover, Gaines states "[a]ll are generally welcome to attend" and he invites readers to "[p]lease share this event with others…." *Id.* Under these circumstances, Defendant anticipates the Court will rightly conclude participants could not reasonably have expected that their communications in this public meeting were private.

---

[2] Coupled with this is the fact that the virtual meeting took place on the Zoom platform, a commercial videoconferencing service. Participants necessarily understood that their communications were being transmitted over the internet through a third-party platform. The Complaint does not allege that Zoom provided any assurance of confidentiality or that the platform's terms of service prohibited recording by participants.

**(3) No Plausibly Alleged Lack of Consent or Authorization.**

Gaines' own allegations support the notion that he consented to Defendant's attendance of his virtual meeting. The ECPA contains an exception for interceptions made with the consent of a party to the communication. 18 U.S.C. § 2511(2)(d). The FAC posits that Defendant attended Plaintiff's meeting after registering using allegedly false information. But even accepting this allegation as true, the meeting was open to the public and Plaintiff approved the registration, granting access to the meeting. The public nature of the meeting and Plaintiff's approval of Defendant's registration constitute consent for Defendant to attend the meeting. Defendant was a party to the communication and a participant's consent to record satisfies the ECPA's consent requirement where, as here, at least one party to the communication—the recording participant—has consented.

Plaintiff attempts to avoid this conclusion by alleging that any consent was procured by fraud. But the FAC does not allege facts sufficient to establish fraud. "[W]hen fraud is involved, Federal Rule of Civil Procedure 9(b) imposes a higher pleading standard: 'In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'" *Klin v. Cloudera, Inc. (In re Cloudera, Inc. Sec. Litig.)*, 121 F.4th 1180, 1186 (9th Cir. 2024), quoting Fed. R. Civ. P. 9(b). Gaines does not describe what specific false statements were made by Defendant and when, what the true facts were, or how Plaintiff relied on any particular representation to his detriment. These are precisely the kind of conclusory allegations that *Iqbal* and Rule 9(b) prohibit.

Moreover, even if the registration included some inaccurate information, Plaintiff cannot plausibly allege that this vitiated consent for purposes of the ECPA. The statute's consent requirement is satisfied when a party to the communication consents to the communication; it does not require the disclosure of purpose or use of a true identity. The FAC alleges no authority for the proposition that consent

obtained through registration under an inaccurate name is legally invalid under the ECPA.

Finally, Plaintiff cannot plausibly allege a lack of consent when he, himself, invited people to "[p]lease share this event with others…." Robertson Decl., ¶7, Ex. 3. By encouraging anyone and everyone to attend **and** share the particulars of this public event with others, Plaintiff is actively inviting participation from all, not just MeetingTV, but anyone throughout the world. For these reasons, this Court should rule that the First Cause of Action fails to state a claim and should be dismissed.

**2. Gaines' Second and Third Claims for Relief for Invasion of Privacy Fail for Similar Reasons.**

Plaintiff's derivative Second and Third Claims for relief under the California Invasion of Privacy Act ("CIPA") are defective for many of the same reasons. California Penal Code section 630, *et seq*. is part of California's invasion of privacy statutory scheme. *Vera v. O'Keefe*, No. 10-cv-1422-L(MDD), 2012 U.S. Dist. LEXIS 112406, at *9 (S.D. Cal. Aug. 9, 2012). It provides, in relevant part, that "[e]very person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic . . . device . . . records the confidential communication" violates the statute. Cal. Pen. Code § 632(a). Accordingly, the three elements that Plaintiff must prove are (1) an electronic recording of (or eavesdropping on); (2) a "confidential" communication; and (3) all parties did not consent. See *Flanagan v. Flanagan*, 27 Cal.4th 766, 774-76 (2002). California Penal Code section 637.2 authorizes a private civil right of action for any violation of section 632.

For purposes of section 632, a "confidential communication" is "any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto," but excludes communications made in "any other circumstance in which the parties to the communication may reasonably expect that the communication may be

overheard or recorded." Cal. Pen. Code § 632 (emphasis added). This exception clearly renders Plaintiff's Second and Third Claims invalid.

As discussed above, any expectation of privacy by Plaintiff or any other participant in the SASSNA virtual meeting would be objectively *unreasonable*. "Whether plaintiff has a reasonable expectation of privacy in the circumstances and whether defendant's conduct constitutes a serious invasion of privacy are mixed questions of law and fact. If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law." *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 40 (1994). When the possibility of a third-party overhearing a communication is likely, particularly with the potential for clandestine surveillance being present, there can be no reasonable expectation of privacy. *Santa Ana Police Officers Ass'n v. City of Santa Ana*, 13 Cal. App. 5th 317, 326 (2017).

Gaines' FAC and his own promotional materials for the meeting demonstrate the event was advertised and open to the public, with no restrictions. Robertson Decl., Exs. 1-3. Furthermore, the allegations before the Court show the meeting involved an indeterminate number of participants, required only that registrants demonstrate a connection to a particular school district and community, and involved the disclosure of information to a group of individuals who were not bound by any confidentiality obligation. FAC, ¶210. Such circumstances illustrate Gaines and fellow participants could not plausibly entertain a reasonable expectation of privacy. Accordingly, this Court should dismiss the Second Claim for Relief.

**3. Gaines' Third Claim for Relief for Invasion of Privacy Fails for Multiple Reasons.**

Defendant is not liable for illicit wiretapping or eavesdropping under California Penal Code section 631, as alleged. To establish a civil violation of section 631, Gaines must demonstrate that he was injured by a violation of the statute. Cal. Pen. Code § 637.2; *In re Meta Pixel Tax Filing Cases*, 724 F. Supp. 3d 987, 1002

(2024). The law proscribes four general categories of behavior: (i) intentionally tapping or making an unauthorized connection with a telegraph or telephone wire; (ii) willfully and without consent of all parties, reading the contents of a communication "while the same is in transit….;" (iii) using or attempting to use any information so obtained; or (iv) aiding or abetting another to do the foregoing. *Id*. By a plain reading of the statute, Plaintiff's claim is not cognizable for multiple reasons. First, there has been no interception of a transmission over telephone or telegraph wires. Second, there is no plausible claim of lack of consent. This Court should so rule.

The Third Claim cannot stand because section 631 applies to the interception of communications transmitted over telephone or telegraph wires, not to the recording of virtual meetings by participants. The FAC does not allege that Defendant tapped into telephone or telegraph wires or that it intercepted communications while in transit over such infrastructure. Instead, the FAC alleges that Defendant attended a virtual meeting as a participant and recorded what it saw and heard. Thus, the Court should construe such conduct as outside the bounds of section 631.

Next, the allegations do not support the conclusion that Defendant's access to and participation in the virtual meeting occurred without authorization. Gaines expressly asserts Defendant attended the meeting as a participant. Whether its registration information was accurate or not, the fact remains it was a party to the communication and thus cannot be liable under section 631 for recording a conversation in which it participated. Defendant anticipates the Court will agree.[3]

**4. Gaines' Fourth Claim for Violation of a Constitutional Right to Privacy Fails, Too.**

Gaines cannot proceed on his Fourth Claim, either, because he does not

[3] Since the first two theories of liability under section 631 fail, claims for illicit use of "intercepted" information or aiding and abetting another will not follow.

demonstrate a reasonable expectation of privacy. The elements of a claim for invasion of the California state constitutional right of privacy, are as follows: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Hill v. National Collegiate Athletic Assn.*, 7 Cal. 4th 1, 39-40 (1994). This claim falls for the reasons already highlighted. Plaintiff has not plausibly alleged, and judicially noticed facts refute, a reasonable expectation of privacy in communications disclosed to an open-ended group of indeterminate size with no confidentiality obligation. Plaintiff's own Facebook profile shows the virtual meeting was public and the FAC's allegations reveal participants voluntarily disclosed information to a group in a public setting, and that the circumstances did not reasonably indicate a desire to confine communications to the participants. There can be no invasion of privacy as a result and this Court should dismiss the corresponding claim.[4]

**5. Gaines' Fifth Claim for Relief for Violation of Section 17200 Also Fails.**

For the very same reasons Plaintiff's various Constitutional, statutory, and common privacy-related claims are ripe for dismissal, so too is his section 17200 claim. To establish liability under the California Unfair Competition Law (UCL), pursuant to California Business & Professions Code section 17200, a plaintiff must show that the defendant engaged in an "unlawful, unfair or fraudulent business act or practice," or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's UCL "borrow[s] violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992). To have standing to bring suit pursuant to section 17200, Gaines must "make a twofold showing: he or

---

[4] As noted below, the same conclusion holds true for Plaintiff's Sixth and Seventh Claims, which posit an invasion of privacy without a reasonable expectation of privacy.

she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Susilo v. Wells Fargo Bank, N.A.*, 796 F. Supp. 2d 1177, 1195-96 (C.D. Cal. 2011), quoting *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1590 (2008). Importantly, the "test for standing cannot turn on a consumer's post hoc belief about the" defendant or its products or services. *Lagrisola v. N. Am. Fin. Corp.*, 96 Cal. App. 5th 1178, 1194 (2023). Applying these precepts to the case at bar reveals Gaines has several problems, including a glaring lack of violations of the law, or unfair or fraudulent business practices, and the absence of monetary or property loss. Plaintiff's UCL claim fails and this Court should rule accordingly.

The FAC does not properly plead any sound theory of unlawful, unfair or fraudulent business act or practice to underly a UCL claim. As Defendant's analysis exposes, Gaines is unable to sufficiently allege a reasonable expectation of privacy which pervades the entirety of his pleadings and dooms all of his claims for relief. Certain claims additionally fail on Plaintiff's inability to plead specific statutory elements such as an "interception," or a lack of consent. As such, the Court should find Gaines' UCL allegations are subject to dismissal.

Even if Gaines had sufficiently alleged a violation of the law or actionable unfair or fraudulent business practices, which he did not, he would still be unable to show standing to advance such a claim. Standing requires lost money or property and proof of lost money or property may be shown in many ways: "A plaintiff may (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary." *Schwartz v. Provident Life & Accident Ins. Co.*, 216 Cal. App. 4th 607, 611 (2013), quoting *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 323 (2011). Speculative theories of lost money will not give rise to standing to sue under 17200. *Id*. at p. 613. Yet speculative theories are all Gaines

offers in his FAC, where he admits he lost only:

> the economic value of his private meeting communications—valuable information and content that Defendant appropriated and commercially exploited without authorization or compensation; (b) Plaintiff lost the value of his ability to control the dissemination of his own personal information, communications, and biometric data, which Defendant appropriated for its own commercial benefit; (c) Plaintiff expended time and resources responding to Defendant's unlawful conduct, including investigating the fake registrant, reviewing the unauthorized recording, and taking steps to address the publication of his private meeting; and (d) Plaintiff suffered the loss of the benefit of the access controls and security measures he implemented to protect the privacy of his meeting—measures that Defendant deliberately circumvented, rendering them worthless.

FAC, ¶266. None of these categories of purported economic damages qualify as the sort of actual, quantifiable monetary injuries amenable to a 17200 claim. As such, Gaines has no standing to assert UCL liability and this Court should summarily dismiss this claim.

**6. Gaines' Sixth Claim for Relief for Intrusion Upon Seclusion Fails for the Same Stated Reasons.**

Titled differently as it may be, Plaintiff's common law privacy claim for intrusion upon seclusion suffers the same underlying defects as all the others. "One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th 200, 231 (1998), quoting Rest.2d Torts, § 652B. "The tort is proven only if the plaintiff had an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source." *Id*. at p. 232. As stated previously, Plaintiff has not plausibly alleged, and judicially noticed facts refute, a reasonable expectation of privacy in communications disclosed to a group of indeterminate size, with no confidentiality obligation for a meeting open to the public, where participants voluntarily disclosed purportedly

personal information to a group of strangers. This Court should, therefore, dismiss the intrusion upon seclusion claim.

**7. Gaines' Seventh Claim for Relief for Public Disclosure of Private Facts Is Similarly Defective.**

Lack of privacy again places Gaines' claim for public disclosure of private facts out of reach. To plead such a tort, Plaintiff must allege the following elements: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Grp. W Prods., Inc.*, 18 Cal. 4th at 214. Critically, the facts disclosed must be *private facts*, and not public ones. *Forsher v. Bugliosi*, 26 Cal. 3d 792, 808 (1980). Here, the only ones ostensibly disclosing private facts in public would be Plaintiff and anyone else who might have volunteered to share personal information at the SASSNA meeting, which was open to anyone with access to the Internet. As such, there can be no basis for this species of invasion of privacy.

Even if Plaintiff could adequately allege he and other attendees of the SASSNA meeting did not volunteer their own public disclosures of supposedly private facts, any "facts" disclosed are of concern to the public. The SASSNA describes the meeting as the "Woodland Joint Unified Special Education *Community* Meeting." Robertson Decl., Ex. 2 (emphasis added). More specifically, Plaintiff calls it "an online community meeting regarding special education in Woodland Joint Unified School District." *Id.*, Ex. 3. Such characterizations point to the fact that Plaintiff's webinar is directed to matters of legitimate public concerns. Accordingly, this Court should dismiss this final variation of Plaintiff's privacy claims, too.

**B. Leave to Amend Would be Futile.**

Leave to amend should not be granted, as doing so would be futile. The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S.

178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); accord *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). However, "[f]utility of amendment can, by itself, justify denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amended pleading is futile if it would not meet the 12(b)(6) standard for ascertaining the legal sufficiency of a pleading. See *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) abrogated by *Iqbal*, 556 U.S. 662. For Plaintiff, any amendment would be futile.

Gaines cannot possibly plead his way out of trouble and into a viable lawsuit. There simply is no plausible way to overcome a lack of "interception" within the meaning of the ECPA through the incantation of more or different allegations. Similarly, Plaintiff cannot avoid the objective implausibility of his assertion of a "reasonable expectation of privacy" in an admittedly public webinar. Since amending the FAC would, thusly, be futile, this Court should not grant leave to amend.

**IV. Conclusion.**

For the foregoing reasons, MeetingTV respectfully requests this Court dismiss Plaintiff's First Amended Complaint in its entirety and without leave to amend for failure to state any cognizable theory of liability among any of his seven claims for relief. The record and pleadings before this Court show each of Plaintiff's claims suffer irreparable defects, particularly concerning an inability to allege "interception" under the ECPA and similar laws, as well as a lack of any credible basis to assert a reasonable expectation of privacy or want of consent or authorization. MeetingTV expects, therefore, that this Court will concur and grant its pending Motion to Dismiss.

Dated: August 28, 2026

Respectfully Submitted

By: */s/ Frederic G. Ludwig, III*

Frederic G. Ludwig, III
Robert J. Pribish
LUDWIG, APC
Attorneys for Defendant
MeetingTV, Inc.